**People of the State of Illinois, Plaintiff-Appellee, v. James Keiner, Defendant-Appellant.**

**Gen. No. 50,416.**

First District, First Division.

April 3, 1967.

Charlotte Adelman, of Chicago (Leonard Kaplan and Arthur A. Wolfinsohn, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

The defendant was found guilty of the crime of indecent solicitation of a child after a bench trial and sentenced to a term of 30 days in the house of correction. He was charged with violation of chapter 38, section 11-6(a):

"(a) Any person of the age of 17 years and upwards who solicits a child under the age of 13 to do any act, which if done would be an indecent liberty with a child or an act of contributing to the sexual delinquency of a child commits indecent solicitation of a child."

The defendant contends by this appeal that the State failed to prove the defendant's age at the time of the offense and failed to prove beyond a reasonable doubt that the defendant solicited Duane Dally, a boy under the age of 13 to participate in an act of deviate sexual conduct.

■ This court will consider the defendant's second contention first. Offenses of the character charged in the complaint before us tend to shock. The courts must be ever mindful that such offenses, however shocking, must be proven beyond all reasonable doubt.

The complaining witness, Duane Dally, a boy of 12 at the time of the alleged offense testified that he and two of his equally youthful boy friends were invited to the defendant's garage on Saturday, September 12, 1964, between the hours of 12:00 noon and 1:00 p. m. The boys left returning shortly thereafter with another boy, Larry Lannen. They were then led to a second garage where the defendant allegedly solicited them. Duane testified that he told his parents the same day. A police officer came to his home a week later and questioned him. The complaint in this case was made November 9, 1964.

Examination of the report of proceedings compels us to conclude that the State failed to prove the defendant guilty beyond a reasonable doubt. We are mindful of the

ages of the defendant and his three youthful boy friends. The trial took place on December 28, 1964, approximately three and a half months after the date of the defendant's alleged offense. This report indicates a wide disparity in the testimony of the complaining witness and the other boys.

Duane testified that he was in two garages; one wooden, the other brick. He stated that his friends Tom Regan and James Norris were with him. James Norris, age 14, did not remember if he was with Duane on September 12. He was in one garage which was wooden. Larry Lannen, age 11, testified that he did not hear any conversation between the defendant and Duane. He was in two wooden garages and did not remember it was Saturday as stated by the others. None of the boys were touched. The complaint is based on Duane's testimony, "He asked us if we wanted a blow," and James Norris' words, "He wanted to blow us."

Two witnesses testified for the defense that the defendant was employed on September 12 from 9:00 a. m. until 5:00 p. m. He lunched between 11:30 a. m. and 12:00 noon with one of them. The defendant testified that on a previous occasion, early in September at about 7:30 p. m., three boys came to his garage. It was raining. They wanted to come in out of the rain. The defendant was painting and didn't want any dust raised in the garage. He testified further, "the only thing that might have been said to them when we told them to get out, we might have said blow or something."

■ In People v. Nunes, 30 Ill2d 143, 195 NE2d 703 (1964) at page 146, our Supreme Court said:

"It is axiomatic that a charge of indecent liberties is an accusation easily made, hard to be proved, and harder to be defended by the party accused. (People v. Hinton, 14 Ill2d 424.) In such cases reviewing courts are especially charged with the duty of carefully examining the evidence, and while due weight

must be given to the judgment of the jury as to the credibility of the witnesses, it is our duty to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and create an abiding conviction that he is guilty of the crime charged."

We find that the evidence here raises a reasonable doubt as to whether the defendant was guilty of indecent solicitation. It will therefore not be necessary for this court to consider the question of proof of the defendant's age.

The judgment of conviction is reversed.

Judgment reversed.

MURPHY, P. J. and BURMAN, J., concur.