(No. 35009.—

The People of the State of Illinois, Defendant in Error, *vs.* Oakley J. Elmore, Plaintiff in Error.

*Opinion filed March 20, 1959—Rehearing denied May 19, 1959.*

M. J. BROWN, of Hillsboro, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and OTTO E. FUNK, State's Attorney, of Hillsboro, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

In 1955, Oakley J. Elmore was tried by jury in the circuit court of Montgomery County and found guilty of the crime of armed robbery, for which he was sentenced to the penitentiary for a term of not less than 15 nor more than 30 years. He has sued out a writ of error to review the judgment of conviction.

It appears from the record that prior to trial, plaintiff in error filed a written motion to suppress certain evidence. A hearing was held on the motion, outside the presence of the jury, and at the conclusion of the hearing, the trial judge denied the motion. The sole assignment of error on this writ of error is that the trial judge erred in denying the motion to suppress.

The record which was filed here contains a transcript of the testimony, both at the hearing on the motion to suppress and at the trial. However, the transcript was not certified by the trial judge until December, 1957, almost two and one-half years after the judgment of conviction. Rule 65 of this court requires that a bill of exceptions be certified and filed in the trial court within 100 days after the judgment of conviction or within any extension thereof granted within the 100 days. (Ill. Rev. Stat. 1957, chap. 110, par. 101.65.) No such extension was granted in the present case. Since the bill of exceptions was not certified or filed within time, it will not be considered by us. (*People* v. *Kemp*, 396 Ill. 578.) Plaintiff in error does not dispute this rule and concedes in his reply brief that the bill

414

of exceptions should not be considered by this court. He takes the position that the issue can be resolved by reference to the written motion to suppress, it apparently being his contention that since the State did not file an answer to the motion, the allegations contained therein must be taken to be true. No authority is cited for this proposition and we know of none to sustain it. An answer to a motion to suppress is not required. If the allegations of the motion present questions of fact, these questions must be resolved by a hearing at which evidence is introduced, and in such a hearing, the burden of proof is on the defendant to prove the allegations. Only if there are no disputed questions of fact, such as where the sole question is the sufficiency of a complaint or a warrant on its face, can the question be determined without hearing evidence. (*People* v. *Alvis,* 342 Ill. 460.) The motion to suppress in the present case contended that the search was illegal because plaintiff in error was arrested without a warrant and the arresting officers did not have a probable cause to believe that he was guilty of any crime. Plainly, this issue could not be resolved without hearing evidence. Since the evidence on that issue is not properly before us, we are unable to rule upon the allegation that the trial judge erred in denying the motion to suppress. This being the sole assignment of error, the judgment of the trial court is affirmed.

*Judgment affirmed.*