UNITED STATES of America,
Plaintiff,

v.

Peter J. GIANARIS, Eric Edmonston
Charles V. Azzi, Beatrice K.
Ghillanti, Defendants.

Crim. No. 52–60.

United States District Court
District of Columbia.

Feb. 26, 1960.

Oliver Gasch, U. S. Atty., and Frederick G. Smithson, Asst. U. S. Atty., Washington, D. C., for plaintiff.

H. Clifford Allder, Washington, D. C., for defendant Peter J. Gianaris.

Joseph Sitnick, Washington, D. C., for defendants Eric Edmonston and Charles V. Azzi.

Edward L. Carey, Washington, D. C., for defendant Beatrice J. Ghillanti.

HOLTZOFF, District Judge.

This is a motion to suppress evidence obtained as a result of a search and seizure pursuant to a search warrant. It is claimed that the warrant was illegally and improperly issued.

On its face, the affidavit, on the basis of which the warrant was issued, is sufficient to show probable cause for the granting of the warrant. The facts alleged are sufficient to have justified the United States Commissioner to exercise his discretion in granting the warrant. The attack on the warrant is based, however, on the ground that, as it is alleged, some of the averments in the affidavit are untrue, and it is desired by the defendants to offer evidence to show that some of these averments are false. The Court is of the opinion that it is not open to the defendants to make a collateral attack on the warrant in that

manner. The warrant was issued by the United States Commissioner, who acts in a judicial capacity. All that the Court may review is whether, on the facts presented to him, there was sufficient cause justifying him to exercise his discretion in favor of the application for the warrant.

The authorities clearly support the conclusion that on a motion to suppress evidence obtained by means of a search warrant, or a motion to quash the warrant, evidence to controvert facts alleged in the affidavit before the Commissioner is not admissible. It has been so held in this Circuit in Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442. In that case, in which the bench was composed of Judges Edgerton, Clark and Miller, the opinion contains the following statement:

"Kenney also complains of the lower court's refusal to permit inquiry into the truthfulness of an affidavit upon which was based a warrant of arrest for Kenney which the officer had at the time of the search. It is sufficient that the affidavit showed probable cause at the time the warrant was issued."

This obviously is binding on this Court.

The same conclusion has been reached in other circuits. Thus, in the Ninth Circuit, in Schiller v. United States, 9 Cir., 35 F.2d 865, 866, it is stated that:

" * * * the validity of the warrant depended upon the showing made at the time of its issuance, * * * ."

The late Judge Otis in the Western District of Missouri, in United States v. Brunett, D.C., 53 F.2d 219, 225, made the following statement:

"It was for the United States commissioner to determine whether there was probable cause for the issuance of a search warrant, and his determination of probable cause, unless arbitrary, was conclusive. * * * If the affidavit was suffi-

cient in its allegations, and in this instance there is no doubt of that, then there was probable cause and the search warrant was valid. The 'probable cause' required by the Fourth Amendment is that shown by an affidavit. The commissioner is not required to conduct an investigation for determining whether the affidavit is true, and a subsequent showing of its falsity cannot have the effect of retrospectively invalidating a warrant valid when issued."

In the Eastern District of Tennessee in the case of United States v. Doe, D.C., 19 F.R.D. 1, at page 4, Judge Robert L. Taylor likewise stated:

"Validity of the warrant is to be determined as of the date of its issue."

The Court, therefore, reached the conclusion that it may not admit evidence seeking to controvert the truth of the allegations of the affidavit. An examination of the affidavit shows that it sets forth probable cause for the issuance of the warrant. Under the circumstances the motion will be denied.