(No. 37047.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EUGENE F. SHOCKEY, Plaintiff in Error.

*Opinion filed Sept. 28, 1962.—Rehearing denied Nov. 1, 1962.*

SOLFISBURG, C.J., and SCHAEFER and HERSHEY, JJ., dissenting.

John R. Snively, of Rockford, for plaintiff in error.

William G. Clark, Attorney General, of Springfield and William R. Nash, State's Attorney, of Rockford, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Rosario A. Gaziano, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Underwood delivered the opinion of the court:

Plaintiff in error, Eugene F. Shockey, hereinafter referred to as defendant, was tried by jury in the circuit court of Winnebago County and found guilty of the crime of larceny of a motor vehicle, for which he was sentenced to the penitentiary for a term of not less than five years nor more than fifteen years. He has sued out a writ of error to review the judgment of conviction, contending that he was prejudiced by the erroneous admission of his confession and the erroneous exclusion of testimony regarding his previous good character, that the evidence was insufficient to sustain the conviction, and that the sentence is void because of indefiniteness.

The People contend that the errors assigned, with the exception of the sufficiency of the sentence, cannot be considered for the reason that such errors can be reached only by reference to the report of proceedings which was not presented, certified or filed within 100 days as required by Supreme Court Rule 65. Ill. Rev. Stat. 1957, chap. 110, par. 101.65.

The record establishes that judgment was entered on January 29, 1959. On August 12, 1960, defendant filed his petition for a transcript of the trial proceedings; on the same day, the court entered an order finding the defendant indigent and requiring a transcript to be furnished as provided by Rule 65—1. Thereafter the report of proceedings was certified to on October 13, 1960, and filed on October 18, 1960. On August 30, 1961, defendant presented to the

trial court his verified petition for leave to file the report of proceedings *nunc pro tunc* as of a date within 100 days of the entry of judgment; this motion was denied by the trial court on October 27, 1961.

Rule 65 of this court governs the time within which the bill of exceptions or report of proceedings shall be filed and provides that it shall be filed, duly certified, with the trial court within 100 days after judgment was entered or within any extension of said period granted within the 100-day period or any extension thereof.

Rule 65—1 provides for an indigent defendant to receive a free transcript of the proceedings upon making a proper showing. (Ill. Rev. Stat. 1957, chap. 110, par. 101.65—1.) It does not purport to relieve a defendant sentenced subsequent to April 23, 1956, from complying with the time requirements—conversely, it specifically charges him with the duty to comply in the following words found in the final sentence of subsection (1): "The original of the transcript shall be filed with the clerk and the copy shall be delivered to the defendant without charge *to be presented in due course for certification as provided in Rule 65.*" (Emphasis supplied.)

This court has repeatedly held that the bill of exceptions or report of proceedings will not be considered where not certified or filed within the required time. (*People* v. *Elmore,* 16 Ill.2d 412; *People* v. *Kemp,* 396 Ill. 578.) The Supreme Court of the United States was recently confronted with a similar situation in *United States* v. *Robinson,* 361 U.S. 220, 80 S. Ct. 282, 4 L. ed. 2d 259. There respondents, who had been granted leave to prosecute their appeals *in forma pauperis,* failed to file their notices of appeal within 10 days after entry of their judgments of conviction as required by Rule 37(a)(2) of the Federal Rules of Criminal Procedure. (18 U.S.C.A.) An affidavit of their counsel showed that respondents intended to appeal but the notices were not filed within ten days be-

cause he had never taken a criminal appeal before and he mistakenly assumed that he had thirty days in which to file them. (*Robinson* v. *United States,* (D.C. cir.) 260 F.2d 718, 720.) Robinson's affidavit showed that the late filing was due to a misunderstanding as to whether the notices were to be filed by respondents themselves or by their counsel. (361 U.S. 220, 221, 80 S. Ct. 282, 284.) The Supreme Court held that the 10-day limit for the taking of an appeal from a judgment of conviction is mandatory and jurisdictional, and appeals not taken within that time should be dismissed regardless of excuse.

We are of the opinion that the time requirement set out in Rule 65 cannot be enlarged by judicial decision. If a late filing of the transcript of proceedings is to be permitted upon a finding of excusable neglect, such procedure must be effected through the rule-making process. To hold otherwise would produce total uncertainty and confusion. In addition, the question of whether such a procedure should be effected at all presents weighty and conflicting policy considerations which are best resolved through the rule-making process.

Since the questions relating to the sufficiency of the evidence, the propriety of excluding evidence of good character, and the alleged erroneous admission of a confession all require reference to the report of proceedings, we are foreclosed from a consideration of them on this review.

This leaves for our attention only the alleged invalidity of the sentence imposed by the trial court, which was as follows:

"Therefore, it is ordered and adjudged by the Court that the said defendant, Eugene F. Shockey, who is found to be twenty (20) years of age, and is convicted of the crime of Larceny of Motor Vehicle herein, be sentenced to the Illinois State Penitentiary, and it is further ordered and adjudged that the said defendant Eugene F. Shockey be taken from the bar of this Court to the common jail of

Winnebago County and from thence by the Sheriff of Winnebago County within ninety (90) days to the Illinois State Penitentiary, and be delivered to the warden or keeper of said penitentiary; and the said warden or keeper is hereby required and commanded to take the body of said defendant Eugene F. Shockey and confine him in said penitentiary, in safe and secure custody, from and after the delivery thereof until discharged by due course of law, to-wit: for the term of not less than five (5) years nor more than fifteen (15) years, subject to the Parole and Pardon Board of the Department of Public Safety.

"The sentences in Criminal No. 9621 and No. 9262, Winnebago County, Illinois, are ordered to run concurrently with the sentence in this cause."

This sentence imposes a definite minimum and maximum, and a fixed place of imprisonment. It is sufficient. The provisions of section 3.1 of the Sentence and Parole Act cited by defendant, have no application to the imposition of sentence by the court, but simply allow the prisoner credit upon his penitentiary sentence for time spent in jail after sentencing and before delivery to the penitentiary, and require the jailer to inform the warden regarding this. Ill. Rev. Stat. 1957, chap. 38, par. 803b.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCHAEFER, dissenting:

Although it is not so stated in the opinion of the court, the fact is that the indigent defendant in this case was represented upon his trial by counsel appointed by the court. I think that fact is determinative of the underlying issue, and therefore I dissent. To me the important question, which lies just beneath the surface of the opinion of the court, is whether or not the defendant received competent representation by the attorney that the State of Illinois appointed to represent him, when that attorney has, by his

failure to take a simple procedural step, forever barred the defendant's right to the ordinary full appellate review of the trial at which he was convicted.

If we look only at the date of the judgment of conviction, and at the date when the report of proceedings was filed, the conclusion follows automatically that it was not filed within the time prescribed by Rule 65—1, and that the appeal should be dismissed. Since *Griffin* v. *Illinois,* 351 U.S. 12, 100 L. ed. 891, however, that is not the approach that this court has taken in cases in which the defendant was represented at the trial by appointed counsel. Instead we have, over the years, denied numerous motions to dismiss writs of error in cases in which appointed counsel, who represented an indigent defendant in the trial court, had failed to request a free transcript of the testimony, with the result that no report of proceedings was filed within the prescribed time. And after the motion to dismiss were denied, this court reviewed the cases on the merits.

We adopted that course, which is now abandoned, for severely practical reasons. If prejudicial error was committed upon the trial, the time to discover it is now, so that the case can be retried while the witnesses are still available.

Ignoring the question of the adequacy of the defendant's representation does not eliminate it. The question will be raised in this or other cases in petitions under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1961, chap. 38, pars. 826-832.) And if this court then decides that an appointed attorney's forfeiture of his client's right to review does not demonstrate incompetence, the question will go to the Federal courts on *habeas corpus.*

Whatever the Supreme Court of the United States may ultimately decide, I think that this court should hold, as a matter of due process under the constitution of Illinois, that the failure to take such a simple step, which has such serious consequences, is inadequate representation by court-appointed counsel. If it is thought that the duty of an at-

torney appointed to represent a defendant in the trial court does not include the obligation to protect the right of review, the situation is not improved, for then Illinois has failed to furnish counsel to an indigent defendant at a critical stage of the proceedings.

In most cases the failure of an attorney representing an indigent prisoner to apply for a free transcript under our Rule 65—1 will have been due to ignorance or oversight. The analogy to civil cases is relevant. An annotation in 45 A.L.R. 2d 5, 52, collects cases dealing with the liability of attorneys in civil cases for failure to protect their client's right to appeal. The first sentence of this portion of the annotation is as follows: "Negligence of an attorney in failing to take proper steps to protect his client's right of appeal or review has been held actionable in several cases, where, as a result, the right of appeal was lost."

It is possible, of course, that there may be a few cases in which an appointed attorney who represented an indigent defendant in the trial court deliberately refrained from applying for a transcript of the testimony because he was "unable to find any error or errors that would have any merit to assign upon an appeal." But even in those rare cases, the right of an appointed attorney to make such a determination is not free from doubt. In *Brown* v. *State*, 239 Ind. 184, 154 N.E.2d 720, the defendant's conviction had already been affirmed by the Supreme Court of Indiana when the public defender took the quoted position with respect to an appeal from a subsequent adverse judgment in a *coram nobis* proceeding. Both the United States District Court and the Seventh Circuit Court of Appeals held that this action on the part of the public defender violated the equal protection clause of the fourteenth amendment. (*United States ex rel. Brown* v. *Lane,* (7th cir.) 302 Fed.2d 537.) Very recently the Supreme Court of the United States granted *certiorari* in this case.

In my opinion the constitutional issue overrides the jurisdictional aspects of the time limitation that we have imposed by our Rule 65—1, and we should decide this case on the merits.

SOLFISBURG, C.J., and HERSHEY, J., join in this dissent.