(No. 37047.—)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Er-
ror, *vs.* EUGENE F. SHOCKEY, Plaintiff in Error.

*Opinion filed January 22, 1964.*

John R. Snively, of Rockford, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and William R. Nash, State's Attorney, of Rockford, (Fred G. Leach and E. Michael O'Brien, Assistant Attorneys General, and Rosario A. Gaziano, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

Defendant Eugene F. Shockey was indicted with one Creedf Lee in the circuit court of Winnebago County for the crime of larceny of a motor vehicle. Co-defendant Lee's case was continued generally and a separate trial ordered for him. Thereafter, upon a jury trial, Shockey was found guilty and sentenced to a term of not less than 5 nor more than 15 years in the penitentiary. For a reversal of the judgment he urges that the trial court erred in (1) admitting a confession because he was not given a copy of the confession and furnished a list of the names and addresses of the persons present at the time of the confession as required by statute, (2) striking evidence of the defendant's reputation for honesty and integrity prior to the time of the

charge, (3) permitting the verdict to stand on insufficient evidence, and (4) entering a void sentence.

This case was previously considered by this court. (*People* v. *Shockey,* 25 Ill.2d 528.) There the People contended that the errors assigned, with the exception of the propriety of the sentence, could not be considered because the report of proceedings was not presented, certified or filed within 100 days as required by Supreme Court Rule 65. (Ill. Rev. Stat. 1957, chap. 110, par. 101.65.) A divided court sustained the contention of the People. Thereafter a writ of *certiorari* was granted by the United States Supreme Court, judgment of this court vacated, and the cause remanded to us for further consideration in light of *Douglas* v. *California,* 372 U.S. 353, 9 L. ed. 2d 811. Upon the authority of the decision of the United States Supreme Court in *Shockey* v. *Illinois,* No. 20 Misc., October Term, 1963, 375 U.S. 22, 11 L. ed. 2d 43, and *Douglas* v. *California,* 372 U.S. 353, we now consider the case on its merits.

The facts elicited at the trial reveal that John Parrott, the owner of a 1949 Buick automobile, on December 2, 1958, drove to his place of employment where he arrived at about 3:00 P.M., parked, and went into the building. At about 8:00 P.M. he returned to his parking place and found his car missing. He next saw it as a total wreck in a garage. Two deputy sheriffs, Leo Cuppini and E. L. McKenzie, responded to a call and went to 35th Street and Sandy Hollow Road in Rockford, Illinois. Upon arriving they discovered Parrott's automobile, with the co-defendant, Creedf Lee, pinned underneath it. Cuppini observed a bystander next to the car who claimed to be in the accident. This bystander very shortly thereafter stated he was Eugene Shockey.

The following day Shockey made a statement at the county jail to deputy sheriff Walter Layman. This statement was typed by a newspaper reporter named Ronald Lawrence, and other witnesses to this statement acknowl-

edging their presence, in addition to Layman and Lawrence, were sheriff Iver Johnson, deputy sheriff Eugene Ebens and assistant State's Attorney Harold C. McKenney. Certain parts of the statement were deleted by the trial court's order and the remaining portion was read to the jury. In substance, the statement as read revealed the taking of the automobile, the driving of the car by Shockey with Lee accompanying him, their going to a cabin where the two men spent most of the day of December 3, leaving there at dark and having the accident. Shockey stated that Lee drove and was intoxicated at the time of the accident, there having been a small bottle of whiskey in the glove compartment. Lee asked to be left alone under the car, but Shockey refused to do so and went to a nearby farm to summon help.

The pertinent provisions of the Criminal Code relating to furnishing a defendant information concerning a confession are to be found in section 1 of division XIII (Ill. Rev. Stat. 1961, chap. 38, par. 729) and are in the following language:

"Whenever a written or oral confession shall have been made before any law enforcement officer or agency in this State by any person charged with any crime, a copy of such confession, if written, together with a list of the names and addresses of all persons present at the time such confession was made shall be given to the defendant or his counsel prior to arraignment, or at such later time as the court, in its discretion, may direct, upon motion by either the prosecution or defense at the time of arraignment. If such confession was not reduced to writing, then a list of the names and addresses of all persons present at the time the confession was made shall be furnished. * * *

"No confession shall be admitted as evidence in any case unless the confession and/or list of names and addresses of persons present at the time the confession was made is furnished as required by this Section."

The record shows that defendant was furnished, pre-

vious to his arraignment, with a copy of the indictment and a list of the witnesses and jurors. It appears that during the opening statement made by the prosecution on January 22, 1959, the court, jury and defendant were advised that the defendant had made a statement which had been type-written and signed wherein he admitted the theft of the automobile. Defense counsel at that time made no comment and reserved opening statement. When the defendant's written statement was offered into evidence, during the testimony of deputy sheriff Layman, defense counsel objected to its admission on the ground that he had not been furnished a copy of the statement prior to the arraignment. The prosecution informed the court that it had given to the defense counsel a copy of the statement at approximately 3:30 or 4:00 P.M. the afternoon before, and the court thereupon overruled the defendant's objection. Defendant contends this was reversible error and that the statutory requirement is mandatory.

The statute requires that a written confession made before any law enforcement officer or agency must be furnished to the defendant or his counsel prior to arraignment or at a later time as the court, in its discretion, may direct, upon motion by either the prosecution or defense at the time of the arraignment. At the time of arraignment the prosecution made no motion concerning the furnishing of a copy of the confession at a later time, nor did the court-appointed defense counsel make such a motion.

In *People* v. *Pelkola,* 19 Ill.2d 156, commenting upon the statutory provisions concerning the furnishing of confessions and other information, we declared their provisions to be mandatory. In that case we found that the improper admission of the confession due to violation of the statutory provisions was harmless error by reason of the fact that the crime was established by other competent evidence conclusive as to the issue of the defendant's guilt.

Excluding the evidence concerning the confession, there

is not a sufficient quantum of evidence in this case to prove defendant guilty beyond a reasonable doubt. Therefore, the trial court's admission of the confession into evidence and testimony concerning it constituted prejudicial error.

Although unnecessary to a decision in this case in light of the view we have taken, it should be noted that the trial court's refusal to permit defendant to show his reputation for honesty and integrity prior to the time of the charge was improper. Such evidence may not be proof of the innocence of the defendant, but is properly admissible for the purpose of showing a reasonable doubt as to the defendant's guilt. *People* v. *Eatman,* 405 Ill. 491.

The point urged by defendant as to the sentence being void was previously disposed of in *People* v. *Shockey,* 25 Ill.2d 528.

The judgment of the circuit court of Winnebago County is reversed and the cause remanded.

*Reversed and remanded.*