(Nos. 41151, 41315 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN S. BAK, Appellant.—THE PEOPLE *ex rel.* John J. Stamos, Appellee, *vs.* 1964 CADILLAC, Appellant.

*Opinion filed March 24, 1970.*

SCHAEFER and WARD, JJ., dissenting.

ADAMOWSKI, NEWEY & RILEY, of Chicago, (FRANCIS X. RILEY, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. STAMOS, State's Attorney, of Chicago, (FRED G. LEACH, Assistant Attorney General, and ELMER C. KISSANE and THOMAS J. IMMEL, Assistant State's Attorneys, of counsel,) for the People.

PER CURIAM: The defendant, John S. Bak, was convicted in the circuit court of Cook County of the crime of gambling and fined $250. His automobile was declared for-

feited in a companion case and ordered sold because it had been used by him in the commission of the gambling offense. The cases have been consolidated for appeal. The question presented is whether the person against whom or against whose property a search warrant has been directed may dispute the matters declared under oath which led to the finding of probable cause and the issuance of a search warrant by the judicial officer.

The complaint was filed by a police officer seeking a warrant to search the person of the defendant and his auto, which was specifically described. The auto was described as registered in the name of the defendant at the address of a tavern called The Pub. The objects to be sought under the warrant were particularly described. The affidavit given by the officer further recited that a reliable informant had given him information that horse-race gambling was taking place at the Pub; that the informant had given reliable information on two previous occasions; that the informant had placed bets at the Pub in a rear room screened from the tavern area by a wall of beer cases. The affiant further declared that on two occasions he had personally observed a number of persons walk behind the wall of beer cases and leave from the rear door; that on another occasion he had observed a person reading a racing form in the tavern and after making notes the person walked to the rear and then out of the rear door; that he had seen the informant do likewise and that the informant later told the affiant that he had placed a bet in the rear of the tavern. The affidavit recited also that the informant declared that the defendant was the person who picked up bets from the tavern and that the auto described was used for this purpose.

On a motion to suppress and again at trial the defendant requested a hearing for the purpose of proving that the informer was not reliable and that other allegations made by the affiant were not true. He offered to prove that on the two instances cited in the affidavit in support of the relia-

bility of the informer arrests resulted but no convictions; that the affidavit had misrepresented the physical appearance of the tavern, which misrepresentations could be proved by photographs and witnesses; that there was no rear room to the tavern but there was another entrance to the tavern from another street, which entrance was not visible from the part of the bar from which the affiant had made his observations; that the informer never had any contact with the defendant or his car; and, finally, that the only paragraph mentioning the defendant was the last one in the complaint, which obviously had been typed on a different typewriter, and which may have been added after the execution of the search warrant.

The trial court held that the defendant did not have a right to a hearing because the warrant was sufficient on its face and that the defendant was not entitled to inquire behind the warrant and affidavit. The defendant did not testify at the trial and the State proved that after the warrant had been served the defendant had been arrested in his car and that gambling paraphernalia had been found on his person and in the auto. Later, in the forfeiture trial, another motion to suppress was denied, although some of the evidence offered there by the defendant was heard by the court.

The defendant contends that he has a constitutional right to look behind a search warrant which is valid on its face and to present evidence challenging the truthfulness of the allegations of fact on which the warrant was issued. The State contends that the issuance of a warrant represents a conclusive judicial finding of the existence of probable cause and that any subsequent hearing which may be ordered must be limited to an examination of the face of the complaint and warrant.

It would appear that a majority of the jurisdictions which have considered the question have concluded that matters alleged under oath, upon which a search warrant

was issued, may not be disputed by the one against whom or against whose property the warrant has been directed. See, *Kenney* v. *United States*, (D.C. cir.), 157 F.2d 442; *United States* v. *Gianaris*, (D.D.C.), 25 F.R.D. 194; *Tucker* v. *State*, 244 Md. 488, 224 A.2d 111; *Mattingly* v. *Commonwealth*, 310 Ky. 561, 221 S.W.2d 82; *Owens* v. *State*, 217 Tenn. 544, 399 S.W.2d 507; *Hernandez* v. *State*, 158 Tex. Crim. 296, 255 S.W.2d 219; *Griffey* v. *State*, 168 Tex. Crim. 338, 327 S.W.2d 585; see, also, Annot. 5 A.L.R.2d 394.

However, other courts either by holding or by suggestion have favored a contrary view. See, *United States* v. *Suarez* (2d cir.), 380 F.2d 713; *United States* v. *Gillette* (2d cir.), 383 F.2d 843; *United States* v. *Roth* (7th cir.), 391 F.2d 507; *People* v. *Alfinito*, 16 N.Y.2d 181, 211 N.E.2d 644.

The Supreme Court has not yet ruled on the question. In *Rugendorf* v. *United States*, 376 U.S. 528, 11 L. Ed. 2d 887, 84 S. Ct. 825, the Court said (376 U.S. at 532, 11 L. Ed. 2d at 891,): "Petitioner attacks the validity of the search warrant. This court has never passed directly on the extent to which a court may permit such examination when the search warrant is valid on its face and when the allegations of the underlying affidavit establish 'probable cause' * * *." This court has not directly considered the issue, but the appellee urges that we follow the majority view, which, it says, was implicitly approved in *People* v. *Alvis*, 342 Ill. 460, 462, and in *People v. Elmore*, 16 Ill.2d 412, 414. In *Alvis* this court, after ruling that probable cause to issue a search warrant appeared from the faces of the affidavit and warrant, said: "It is also contended that the court should have heard evidence to determine the legality of the search warrant. The motion to suppress evidence was based on the illegality of the search warrant. Its legality could be determined by the examination of the affidavit and warrant, and no necessity for the hearing of evidence arose."

Persuasive arguments can be gathered to support either side of the question. The majority of the members of this court prefer the view that the matters declared which caused the search warrant to be issued may not be contested by one subjected to the search.

The fourth amendment to the constitution of the United States and section 6 of article II of the Illinois constitution are practically identical in prohibiting unreasonable searches and seizures and providing that no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized. Too, the standards for issuance of warrants are the same for both Federal and State authorities. *Aguilar* v. *Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509.

This majority of the court believes that both constitutions contemplate only that a judicial officer find probable cause for the issuance of a warrant based on the evidence under oath that has been presented to him by the one requesting the warrant. It is contemplated that the credibility of the affiant or others offering evidence is for the judicial officer. If he finds the evidence worthy of belief and sufficient to form probable cause, this judicial determination cannot be relitigated through a later disputing of the evidence. Should an affiant betray the confidence in his integrity which is contemplated by the *ex parte* proceeding and intentionally make misrepresentations to the judicial officer, he can be punished for the offense. In *People* v. *McGrain*, 38 Ill.2d 189, 190-191, it was correctly asserted that "the rule [is] that the constitutional guarantee against unreasonable searches and seizures requires that the complaint must state the underlying facts on which the complainant bases his belief with such definiteness that, if the complaint is false, perjury may be assigned upon it." That this and no more are contemplated by the procedure for finding probable cause and issuing search warrants is supported by the expression of the Supreme Court of New

Jersey (*State* v. *Burnett*, 42 N.J. 377, 201 A.2d 39) which the Supreme Court in *McCray* v. *Illinois*, 386 U.S. 300, adopted at p. 307: "The Fourth Amendment is served if a judicial mind passes upon the existence of probable cause. Where the issue is submitted upon an application for a warrant, the magistrate is trusted to evaluate the credibility of the affiant in an ex parte proceeding. As we have said, the magistrate is concerned, not with whether the informant lied, but with whether the affiant is truthful in his recitation of what he was told. If the magistrate doubts the credibility of the affiant, he may require that the informant be identified or even produced." 386 U.S. 300, 307, 18 L. Ed. 2d 62, 68, 87 S. Ct. 1056.

The view that probable cause for the issuance of a search warrant is to be tested by the evidence originally presented to the judicial officer and that alone is consistent with holdings that the prosecution is precluded from offering supplemental information to sustain a showing of probable cause. The Supreme Court in *Aguilar* v. *Texas*, 378 U.S. 108, 109, 12 L. Ed. 2d 723, 725, n.1, said: "It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention."

The Supreme Court in *McCray* v. *Illinois*, 386 U.S. 300, recognized the value of informers to law enforcement and assured that their identities under described circumstances need not be disclosed. Were this court to adopt a rule permitting a challenge to the evidence presented to the judicial officer to establish probable cause, it could impair seriously the present protection afforded informers in this area. Cases in which probable cause is established through information provided the affiant officer by an informer are obviously numerous. One can readily suppose contrived situations in which a defendant in these cases, by offering, in a motion to suppress, to contradict or explain what the informer told the police officer, would frame an issue of

fact, which could require a hearing and the production of the informer to testify. The alternative would be for the People to drop the prosecutive proceeding. Too, these supposed situations would not be limited to search warrants based on information provided by informers. Where an affiant was deceased, or otherwise unavailable to answer, if required, a challenge to the sworn to matters he originally presented to the judicial officer, a similar problem could appear.

Too, the view permitting a challenge to the matters on which probable cause was found would often, if not typically, result in one judicial officer originally evaluating the credibility of the affiant and another reassessing it in the later motion to suppress. To illustrate, Rule 41(e) of the Federal Rules of Criminal Procedure requires that motions to suppress be brought before a district court, though many, if not most, search warrants are issued by a United States Commissioner. Thus, the district court could be reassessing the matter of credibility already considered by the Commissioner. The majority of this court consider that successive or split evaluations by different judicial officers of the credibility of the affiant and others originally offering evidence were not contemplated in the search warrant procurement procedure.

We do not find merit in the suggestion that there is statutory authority to dispute the matters on which probable cause was found. Section 114—12 of the Code of Criminal Procedure, (Ill. Rev. Stat. 1967, ch. 38, par. 114—12) provides in part that a ground for the suppression of evidence is that "there was not probable cause for the issuance of the warrant" and that "The judge shall receive evidence on any issue of fact necessary to determine the motion." If it was the legislative intent to declare the right for which the defendant here contends it certainly has eluded the understanding of the profession in Illinois. No court to our knowledge has so interpreted the statute. The

committee comments to the section do not mention such a right and the law reviews and bar journals appear to be in ignorance of it. A comparison with statutes which grant the right make it evident that our legislature would have used clearly appropriate language to declare the right had this been its intention. For example, the California statute, quoted in *People* v. *Butler,* 52 Cal. Rptr. 4, 415 P.2d 819, reads: "If the grounds on which the warrant was issued be controverted, he [the magistrate] must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and authenticated in the manner prescribed in Section 869." The predecessor (former 18 U.S.C.A. 625) to Rule 41 of the Federal Rules of Criminal Procedure in similar language provided: "If the grounds on which the warrant was issued be controverted, the judge or commissioner must proceed to take testimony in relation thereto, and the testimony of each witness must be reduced to writing and subscribed by each witness." Had our legislature intended to declare the right, we consider it would have done so forthrightly, using comparable language. It would not have attempted to do it through oblique suggestion.

Our statute's language is very similar to that of Rule 41(e) of the Federal Rules of Criminal Procedure, and no clear right appears under Rule 41 to dispute the evidence upon which probable cause was based. *Cf. Rugendorf* v. *United States,* 376 U.S. 528, 11 L. Ed. 2d 887, 84 S. Ct. 825; 5 A.L.R. 2d 394, 409.

Thus, our majority declines to adopt a rule which it believes would unnecessarily permit a collateral and distracting evidentiary dispute. Justices Schaefer and Ward consider that the integrity of the judicial process requires that a challenge to evidence be allowed.

The judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*

Mr. JUSTICE SCHAEFER dissenting: I dissent for the reasons stated in my dissent to *People* v. *Mitchell, post* at p. 155.

Mr. JUSTICE WARD, also dissenting:

It is certainly contemplated that testimony or other evidence to be offered in a judicial proceeding shall be truthful, and a finding reflects confidence in and reliance on the evidence. I consider a corollary of this is that if false evidence has been presented it may be exposed, so that an erroneous finding may be set aside. It seems to me that the integrity of the search warrant procedure requires that one who complains that false evidence has been introduced to his detriment should be given an opportunity to show this. To me, a refusal, though well intentioned, to permit such a showing diminishes the judicial process.

The position taken by the majority avoids admittedly troublesome problems, but another consequence is that we sacrifice something of first importance.