(No. 41567.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* WALTER PRICE, Appellant.

*Opinion filed September 29, 1970.*

Sam Adam and Edward Marvin Genson, both of Chicago, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Paul P. Biebel, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

On December 26, 1966, pursuant to a search warrant, Detectives Campbell and Crosby of the Chicago Police Department searched the apartment of the defendant, Walter Price, and seized measuring spoons with traces of heroin and two marijuana cigarettes. They also found on the person of the defendant a hypodermic needle and syringe. After the arrest Detective Campbell submitted the search warrant and the complaint for the warrant through regular channels to narcotics court.

Defendant's motion to quash the search warrant and to suppress evidence was denied, and he was found guilty in a bench trial of possession of marijuana and sentenced to a term of from one to three years. He appeals directly to this court alleging: (1) that section 108—4 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 108—4) is unconstitutional; (2) that a search warrant issued pursuant to an affidavit signed with a fictitious name is void;

and (3) that the search warrant should have been quashed because the allegations in support thereof were specifically denied.

Defendant contends that section 108—4 violates the fourth and fourteenth amendments to the United States constitution because it allows unsupervised police intrusion upon a citizen and his home. Section 108—4 provides: "All warrants shall state the time and date of issuance and be the warrants of the Judge issuing the same and not the warrants of the court in which he is then sitting and such warrants need not bear the seal of the court or clerk thereof. The complaint on which the warrant is issued need not be filed with the clerk of the court nor with the court if there is no clerk until the warrant has been executed or has been returned 'not executed.' "

At the hearing on defendant's motion to quash the search warrant, Officers Pates and Jamison testified that they searched the defendant's apartment in 1966 or 1967. On this occasion nothing was seized and no arrests were made. Pates testified that he normally places the warrant in a basket in the office of the narcotics unit. It is then logged in a book and sent to court. Jamison testified that if no contraband is found in a search, a miscellaneous incident card is filled out and attached to the warrant before it is submitted to the office. Then all warrants are filed with the clerk of the municipal court.

Lieutenant Kernan, commanding officer of the narcotic section during the years of 1966 and 1967, testified that Pates and Jamison conducted the second search of defendant's apartment on February 13, 1967, pursuant to a search warrant. The miscellaneous incident card was introduced, but Kernan could not locate the warrant that had been used. According to his records, no other searches of defendant's apartment were made.

Mrs. Price, wife of the defendant, testified that the police searched the apartment on five or six occasions sub-

sequent to her husband's arrest. She was shown a search warrant on these occasions, but was not given a copy.

Arthur Crowe, a circuit court deputy clerk, testified that he receives the search warrants after they have been executed, but never before they are executed.

Defendant argues that section 108—4 allows the police to secure an unlimited number of search warrants because the warrants are not docketed until the warrant has been executed or has been returned "not executed". According to the Committee Comments (S. H. A. ch. 38, § 108—4, p. 265), this section was included to "end the needless requirement of the use of seals in issuing warrants and, secondly, to enhance the law enforcement process by providing for a lack of public knowledge concerning the warrant until it has been executed." The fact that the warrants are not filed until after execution or attempted execution does not give unlimited power to the police. Section 108—3 of the Code of Criminal Procedure requires that, before a search warrant can be issued, a written complaint stating facts which show probable cause must be submitted to the judge. In addition, the complaint must describe the place and/or person to be searched, and the things to be seized. The police cannot obtain a warrant without first meeting the requirements of this section.

Defendant further argues that section 108—4 violates the right against unreasonable searches because there was no record of the docketing of the warrant for the February 13 search or for searches which allegedly took place subsequent thereto. If a warrant was not docketed after the February 13 search or after other searches which allegedly took place, this was a clear violation of the mandate of section 108—4. The statute does not abridge a constitutional right; on the contrary it protects the right against unrecorded searches. The fact that the statute may have been violated is not a ground for declaring it unconstitutional. If the statute was so violated, it is not a departure from

basic standards to remand those aggrieved persons to the remedies of private action and such protection as the internal discipline of the police under the eyes of an alert public opinion may afford. See *Wolf* v. *Colorado,* 338 U.S. 25, 93 L. Ed. 1782, 69 S. Ct. 1359.

Defendant next contends that the search warrant was void because it was issued pursuant to an affidavit signed with a fictitious name. We have today disposed of a like contention in *People* v. *O'Kiersey,* post, at 198, and the circumstances here are the same.

Defendant finally contends that the warrant may be voided if the allegations in the complaint for the warrant are specifically denied under oath. In *People* v. *Bak,* 45 Ill.2d 140, and *People* v. *Mitchell,* 45 Ill.2d 148, this court determined that "both constitutions contemplate only that a judicial officer find probable cause for the issuance of a warrant based on the evidence under oath that has been presented to him by the one requesting the warrant. It is contemplated that the credibility of the affiant or others offering evidence is for the judicial officer. If he finds the evidence worthy of belief and sufficient to form probable cause, this judicial determination cannot be relitigated through a later disputing of the evidence. Should an affiant betray the confidence in his integrity which is contemplated by the *ex parte* proceeding and intentionally make misrepresentations to the judicial officer, he can be punished for the offense." (45 Ill.2d at 144.) We believe that the allegations in the complaint were sufficient to show probable cause and to justify the issuance of the warrant.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*