THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ARTIE PAYNE, Defendant-Appellee.

First District (1st Division)    No. 80-657

Opinion filed March 30, 1981.

Richard M. Daley, State's Attorney, of Chicago (Marcia B. Orr and Joel A. Stein, Assistant State's Attorneys, of counsel), for the People.

Roosevelt Thomas, of Chicago, for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Artie Payne (defendant) was charged with possession of marijuana, cocaine and phendimetrazine. The police had obtained and executed a search warrant based upon a sworn complaint. The trial court sustained a motion by defendant to quash the search warrant and suppress the evidence. The People have appealed. Ill. Rev. Stat. 1979, ch. 110A, par. 604(a).

In the complaint the officer set out under oath his conversation on January 17, 1978, with an informant who had given him information on seven occasions concerning violations of the narcotics law. Of seven arrests there were four convictions and two dismissals with one case pending. Defendant made a motion to quash the search warrant and suppress the evidence which he supported by affidavits.

Under former law defendant could not go behind the allegations of the sworn complaint for search warrant (*People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117, and *People v. Mitchell* (1970), 45 Ill. 2d 148, 258 N.E.2d 345, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 120, 91 S. Ct. 117). However, in *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, the Supreme Court permitted a test of the truth of the allegations of the complaint for search warrant under certain stated conditions.

The opinion in *Franks* was filed June 26, 1978. The search warrant in the instant case was issued on January 17, 1978. Consequently, because of the fact that *Franks* is only prospective in its application and not retroactive, the motion to quash the search warrant in the instant case should have been denied on the basis of *Bak* and *Mitchell*. It has been held that *Franks* has prospective only and not retroactive effect. (See *State v. Howery* (1979), 80 N.J. 563, 404 A.2d 632.) As the State has pointed out in their brief, the United States Supreme Court has consistently held that constitutional decisions upon the exclusionary rule do not operate retrospectively but only prospectively. See *Linkletter v. Walker* (1965), 381 U.S. 618, 14 L. Ed. 2d 601, 85 S. Ct. 1731; *Desist v. United States* (1969), 394 U.S. 244, 22 L. Ed. 2d 248, 89 S. Ct. 1030; *Williams v. United States* (1971), 401 U.S. 646, 28 L. Ed. 2d 388, 91 S. Ct. 1148; and *United States v. Peltier* (1975), 422 U.S. 531, 45 L. Ed. 2d 374, 95 S. Ct. 2313.

Accordingly the order quashing the search warrant and suppressing the evidence is reversed and the case is remanded for trial.

Order reversed; cause remanded for trial.

O'CONNOR and CAMPBELL, JJ., concur.