THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CAROL E. ALLEN, Defendant-Appellant.

First District (2nd Division)   No. 86—1080

Opinion filed July 21, 1987.

Sam Adam, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr.,
Steven J. Zick, and Michael D. Boyce, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BILANDIC delivered the opinion of the court:

At a bench trial, defendant Carol E. Allen was found guilty of possession of cocaine without intent to deliver (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)), and possession of cannabis (Ill. Rev. Stat. 1985, ch. 56½, par. 704(e)). Defendant was sentenced to a term of two years, three months in the Illinois Department of Corrections and fined $1,350.

On appeal, defendant contends she was entitled to an evidentiary hearing on her motion to quash a search warrant since her affidavit sufficiently alleged deliberate falsehood in the affidavit for the warrant. She further contends that disclosure of the informer and informer's friend, whose information was used to support the search warrant, was improperly refused.

A search warrant was issued on December 17, 1984, at 11:18

a.m., based upon a complaint attested to by Officer Goff of the Chicago police department. The affidavit for the search warrant stated in relevant part that he received information from a reliable informant on December 17, 1984, who:

> "[R]elated to me that on 17Dec84 he was in a house at 300 East 87th St. Chgo. Cook Ill. and that while in that house, he along with a friend of his each purchased a one gram bag of cocaine from a subject who my CI [confidential informant] described to me as being 'SAM' a male black approx. 55 yrs. 5'9 170 lbs. gray-blk. hair and brn. eyes and who lives in that house. My CI told me that after he and his friend entered the house at 300 East 87th St. Chgo. Cook Ill. Sam introduced himself to my CI and told my CI the prices for different size bags of cocaine. My CI along with his friend each gave SAM one hundred dollars usc. [United States currency] and SAM in return reached into a clear plastic bag containing numerous small white envelopes all of which were packaged the same and of the same color and size and randomly selected two of the packets and handed one to each my CI and my CI's friend. They then left the house at 300 East 87th St. Chgo. Cook Ill. and SAM was still inside and in possession of the other white paper packets like the one my CI and his friend purchased from SAM for $100.00 usc. on 17DEC84."

Assuming the accuracy of the information in Officer Goff's affidavit, between 12:01 a.m. and 11:18 a.m. on December 17, 1984, three persons other than the defendant were in defendant's home engaged in illegal narcotics activity, namely Sam, the informer, and the informer's friend.

The defendant denied the allegations of Officer Goff's affidavit, moved to quash the search warrant and to suppress the evidence, and submitted her own affidavit which stated:

> "3. Between the hours of 12:01 a.m. and 11:18 a.m., December 17, 1984, no one was in the home of affiant located at 300 East 87th Street, Chicago, Illinois, other than affiant.
>
> 4. Specifically, on December 17, 1984, between the aforesaid hours there was no person named 'SAM' in affiant's home; there was no 'male black approximately 55 years, 5'9", 170 pounds, gray and black hair, brown eyes' in affiant's home; in fact, there was no man or woman other than affiant in said home.
>
> 5. Specifically, on December 17, 1984, no person at affiant's home, including affiant, sold, gave away, transferred, delivered,

a gram bag of cocaine to any person or persons at said home; nor did any person at said home reach into a clear plastic bag containing numerous small white envelopes all of which were packaged the same and of the same color and size and randomly select two of the packets and hand one to anyone.

6. No person known to affiant as 'SAM' or any other person who is fairly described as 'a male black, approximately 55 years, 5'9", 170 pounds, gray black hair and brown eyes' was living at affiant's home at 300 East 87th Street, Chicago, Illinois, on December 17, 1984.

7. Affiant is a woman, black, 5'0", 125 pounds, and of the age of 43 years. Affiant has never been a male black, has never held herself out by the name of 'SAM', has never been 55 years old, has never been 5'9", 170 pounds, nor has affiant ever had gray-black hair. Affiant has furthermore never disguised herself so as to portray a male black of any age, height, weight, or physical description. Furthermore, affiant has never used the name 'Sam.'

8. Affiant knows that no one was in her home other than herself between those hours (12:01 a.m. to 11:18 a.m.) on December 17, 1984; affiant was in her home alone. Furthermore, no one came to affiant's home and certainly no one entered affiant's home during that period of time.

9. Affiant avers on oath and believes that police officer Frank Goff purposely, intentionally, fraudulently and perjuriously ascribed to a false and fraudulent complaint for search warrant as aforesaid, in order to enter into the home of affiant, as aforesaid, and to search said home with the intention of violating affiant's constitutional guarantees as set forth hereinabove."

Defendant contends that she was entitled to an evidentiary hearing on her pretrial motion to suppress. The trial court held that defendant's affidavit was insufficient to warrant a hearing and denied the motion.

In *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, the United States Supreme Court held that "[w]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." (438 U.S. 154, 155-56, 57 L. Ed. 2d 667, 672-73, 90 S.

Ct. 2674, 2676-77.) Since there is a presumption of validity with respect to the affidavit supporting the search warrant, the defendant must provide proof that there was a deliberate falsehood or reckless disregard for the truth. Sworn statements of witnesses should be furnished *"or their absence satisfactorily explained.* \*\*\* The deliberate falsity or reckless disregard whose impeachment is permitted \*\*\* is only that of the *affiant,* not of any nongovernmental informant." (Emphasis added.) (438 U.S. 154, 171, 57 L. Ed. 2d 667, 681-82, 98 S. Ct. 2674, 2684.) The court then concluded: "Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." 438 U.S. 154, 171-72, 57 L. Ed. 2d 667, 681-82, 98 S. Ct. 2674, 2684-85.

"The decision in *Franks* overruled existing Illinois case law typified by the leading case of *People v. Bak* (1970), 45 Ill. 2d 140, 258 N.E.2d 341, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117, which was relied on below to deny defendant a veracity challenge to the warrant affidavit." *People v. Laws* (1980), 82 Ill. App. 3d 417, 418, 402 N.E.2d 790, *rev'd* (1981), 84 Ill. 2d 493, 419 N.E.2d 1150, *cert. denied* (1981), 454 U.S. 817, 70 L. Ed. 2d 86, 102 S. Ct. 96.

The State argues that under *Franks,* defendant's affidavit can only challenge the veracity of the police officer upon whose affidavit the warrant issued, and not the veracity of the informant. Therefore, the State contends that the defendant's affidavit is insufficient because it does not negate the possibility that the informant, rather than the officer, might be the source of misstatements. This argument was rejected in *People v. Lucente* (1987), 116 Ill. 2d 133, 506 N.E.2d 1269. The "State's position is obviously untenable in anonymous-informant cases such as this. While it is true that the defendant's *ultimate* burden is to show by a preponderance of the evidence that the affiant-officer made deliberate or reckless false statements, *Franks* does not require that the defendant disprove every other possibility at the preliminary stage. If an informant's identify—or very existence—is unknown, a defendant obviously lacks the very information necessary to determine the source of the false statements. If such a preliminary showing were demanded, no hearing could ever result in cases in which all the information to establish probable cause came from an unnamed informant. One need not be overly cynical to realize that

such a rule would enable the police to insulate perjury from discovery by the simple expedient of a fabricated informant, and thereafter 'remain confident that the ploy was worthwhile' [citation]." (Emphasis added.) 116 Ill. 2d 133, 149, 506 N.E.2d 1269.

The State also argues that the defendant merely filed an affidavit which was a "denial of the statements contained in the affidavit of Officer Goff" and that such a denial is insufficient under *Franks*. It relies on *People v. Coleman* (1980), 91 Ill. App. 3d 646, 415 N.E.2d 553, *appeal denied* (1980), 81 Ill. 2d 585, which held that an evidentiary hearing was not required where the defendant merely made a general and unsupported denial that he sold drugs to anyone. It contends that the denial must be corroborated as in *Lucente,* where the defendant submitted three affidavits asserting that the statements in the warrant affidavit could not be true because he was not at his residence at the time of the alleged transaction. In *Lucente,* the court found that this was more than a mere denial since defendant had corroborated his alibi with two sufficiently detailed affidavits besides his own. "[T]he presence of such sworn corroboration elevates this showing above the level of 'mere denial.' " The court went on to state that "[h]ad the defendant's proffer consisted solely of his own affidavit asserting 'I didn't do it,' that would amount to an unsubstantiated denial, and that would be plainly insufficient." *People v. Lucente* (1987), 116 Ill. 2d 133, 153-54, 506 N.E.2d 1269.

However, the State overlooks the fact that the supreme court in *Lucente* also said:

> "We thus hold that *Franks* does not require defendants faced with anonymous-informant-based warrants to do the impossible. As a preliminary matter, the defendant cannot be required to establish what an anonymous, perhaps nonexistent, informant did or did not say. At the hearing stage, of course, the defendant retains the full *Franks* burden of showing that the officer acted intentionally or with reckless disregard for the truth." 116 Ill. 2d 133, 150, 506 N.E.2d 1269.

■ A defendant may be entitled to a *Franks* hearing on the basis of his own affidavit, if it is sufficient.

The defendant has gone as far as she can go—and certainly as far as the law requires that she go—in order to be entitled to a hearing into the truthfulness of the allegations in the complaint for the search warrant. She was not the person named in the warrant.

*Franks* held that if a defendant does not provide affidavits of witnesses, their absence has to be satisfactorily explained. Here, the defendant's explanation is that there are no witnesses. She should not

be punished because she was home alone and, therefore, could not provide anyone to attest to that fact.

The case at bar presents a unique situation. In all previous Illinois cases that deal with a defendant's right to a *Franks* hearing, the defendant is, in fact, the person named in the search warrant.

In the instant case, the search warrant was issued pursuant to Officer Goff's affidavit, which was based solely on alleged information from an informer. Officer Goff's affidavit stated that a reliable informer had told him that on December 17, 1984, the informer and the informer's friend were at 300 East 87th Street and that they had each purchased a one-gram bag of cocaine from a man named "Sam." The informer described "Sam" as a "male black approximately 55 years, 5'9", 170 pounds, gray-black hair, and brown eyes." The informer also said that "Sam" resided at that address. The defendant, on the other hand, supported her motion to quash by filing an affidavit denying the allegations set forth in the police officer's affidavit. Specifically, the defendant stated in her affidavit that on December 17, 1984, between the hours of 12:01 a.m. and 11:18 a.m., there was no one besides herself in her home nor did she know anyone who could be described as a "male black, approximately 55 years, 5'9", 170 pounds, gray-black hair, brown eyes." Defendant's affidavit also stated that no one sold or delivered a gram bag of cocaine to any person in her home. The defendant is a female, black, 5 feet 0 inches, 125 pounds, 43 years of age. At no time in her life has she ever been a male, or gone by the name "Sam," or been 55 years old, 5 feet 9 inches, 170 pounds, or had black hair, or disguised herself as a man.

Finally, the defendant stated that she knows no one else was in her home between 12:01 a.m. and 11:18 a.m. on December 17, 1984, because she was in her home alone during those hours. Thus, the defendant has made a substantial preliminary showing entitling her to an evidentiary hearing on the motion to suppress.

In this case, the defendant was not *who* Officer Goff's affidavit stated. Another allegation presented in the defendant's affidavit that challenged the veracity of Officer Goff's affidavit is that the defendant has lived alone for the last six years and that on December 17, 1984, she was home alone. If the defendant was home alone, there is no one besides herself who can attest to that fact.

Most of Officer Goff's information is hearsay and was obtained from an anonymous source. It is not unknown for an arresting officer to misrepresent his connection with an informer, his knowledge of the informer's reliability, or the information allegedly received from the informer. (*McCray v. Illinois* (1967), 386 U.S. 300, 316, 18 L. Ed. 2d

62, 87 S. Ct. 1056, *rehearing denied,* (1967), 386 U.S. 1042, 18 L. Ed. 2d 616, 87 S. Ct. 1474.) The *Franks* decision of the United States Supreme Court gave credibility to Justice Ward's dissent in *People v. Bak* (1970), 45 Ill. 2d 140, 148, 258 N.E.2d 341, *cert. denied* (1970), 400 U.S. 882, 27 L. Ed. 2d 121, 91 S. Ct. 117, where he said:

> "It seems to me that the integrity of the search warrant procedure requires that one who complains that false evidence has been introduced to his detriment should be given an opportunity to show this. To me, a refusal, though well intentioned, to permit such a showing diminishes the judicial process.
>
> The position taken by the majority avoids admittedly troublesome problems, but another consequence is that we sacrifice something of first importance."

We therefore conclude that the defendant made a substantial preliminary showing challenging the accuracy and integrity of the police officer's warrant affidavit to entitle her to an evidentiary hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674.

"At the evidentiary hearing, defendant may call the police officer who filed the warrant affidavit to testify. If under all the circumstances the judge doubts the credibility of the police officer, the judge may require that the informer be identified or even produced [citation], and if the State fails to comply, the judge may grant the motion to suppress [citation]." (*People v. Garcia* (1982), 109 Ill. App. 3d 142, 150-51, 440 N.E.2d 269, *cert. denied* (1983), 460 U.S. 1040, 75 L. Ed. 2d 792, 103 S. Ct. 1433.) We express no opinion regarding the possible outcome of the evidentiary hearing.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for an evidentiary hearing on defendant's motion to suppress, in accordance with the views expressed herein, and for a new trial.

Reversed and remanded.

SCARIANO, P.J., and HARTMAN, J., concur.