THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* IDA MAE RANSON, Defendant-Appellee.

(No. 55387;

First District—February 3, 1972.

*Rehearing denied May 11, 1972.*

Edward V. Hanrahan, State's Attorney, of Chicago, (Joseph A. Romano, Assistant State's Attorney, of counsel,) for the People.

R. Eugene Pincham, of Chicago, for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

Armed with a search warrant, police officers seized marijuana, hypodermic needles and syringes in the apartment of Ida Mae Ranson and she was subsequently indicted for the unlawful possession of narcotic drugs. She filed a pretrial motion to quash the search warrant on the ground that the complaint for the warrant was factually insufficient to establish the reliability of the unnamed informant. The motion was allowed and the State, pursuant to the provisions of Ill. Rev. Stat. 1969, ch. 110A, par. 604, appeals the order of the trial court. It contends that

the motion was erroneously granted because the complaint was sufficient on its face to establish probable cause for the warrant's issuance.

The complaint requested authority to search the premises at 634 E. 51st Street, Chicago, Illinois, and the persons of "Boot" and Ida Ranson. The complainant stated under oath:

"I, Officer Willis Nance being a Police Officer in the City of Chicago, on the 6th day of May 1969, had a conversation with a reliable police informer who had given me information in the past which resulted in convictions and arrests pertaining to narcotics cases made by me. He stated that he was in the above described premises on the above mentioned date and while there bought from a male Negro known to him as 'Boot' a packet of heroin for the sum of $25.00 in United States currency. He also stated that a female Negro known to him as Ida Ranson took part in the transaction in as much as she took the money while 'Boot' gave him a packet of heroin, when he left the premises their [sic] was still a portion of heroin in the possession and under the direct control of both persons named above in Chicago, Illinois."

■■ The complaint particularly described the place and persons to be searched and the things to be seized but probable cause rested upon uncorroborated information allegedly received from a credible informer. Hearsay evidence will support a finding of probable cause for a search warrant if there is a substantial basis for crediting the hearsay. (*Jones v. United States* (1960), 362 U.S. 257; *People v. Mitchell* (1970), 45 Ill.2d 148, 258 N.E.2d 345; *People v. Francisco* (1970), 44 Ill.2d 373, 255 N.E.2d 373, 255 N.E.2d 413.) The complaint must set forth adequate underlying circumstances so that the issuing magistrate may be able to make an independent evaluation of the conclusion that the contraband sought to be seized was where the informant said it was, and the affiant must also support his claim that the informant is credible and his information reliable. *Aquilar v. Texas* (1964), 378 U.S. 108; *Spinelli v. United States* (1969), 393 U.S. 410.

■■ The affidavit of officer Nance set forth underlying circumstances which would justify the conclusion that Ida Ranson was in the possession of heroin. The informant was recently in the apartment identified in the complaint; he purchased a packet of heroin and Ranson possessed some heroin after the transaction. Although these allegations were uncorroborated, they were sufficiently detailed to enable the magistrate to ascertain how the informant acquired his information and to determine the probability that a quantity of narcotics was still in the apartment.

■■ Whether the informant's uncorroborated personal observations established probable cause depended, in turn, upon the acceptance of Nance's statement that he was a reliable informant. It is contended that

the statement does not set forth sufficient facts to make possible an independent judicial determination of his credibility. Unlike the affidavit in *Aquilar* which contained the naked assertion that the informant was credible, or the recital in *Spinelli* that the Government learned from a "reliable informant" that Spinelli was operating a handbook and accepting wagers, the complaint in the present case was bolstered by the affiant's statement that information supplied by the informant had led to arrests and convictions in narcotic cases. This substantiation of the informant's reliability met the test required by Illinois law. In *People v. Williams* (1967), 36 Ill.2d 505, 224 N.E.2d 225, *cert.* denied 389 U.S. 828 (1967), the court found corroboration unnecessary where sufficiently detailed observations of reliable informers were presented in the affidavit. Reliability was established in *Williams* by the sole allegation that the informers "had furnished reliable information in the past." See too *People v. McNeil* (1970), 123 Ill.App.2d 285, 260 N.E.2d 82, where the affiant also stated that he had received information from an informant who had given him reliable information in the past. This allegation was held to be sufficient against a motion to quash the search warrant in view of the precise and detailed information supplied by the informant. On the other hand, the reviewing court did not find probable cause in *People v. Parker* (1968), 42 Ill.2d 42, 245 N.E.2d 487, where the sole allegation relating to the reliability of the informer was the general averment that he had previously given information which proved to be true. The defects of the *Parker* affidavit are not found in the instant case. In contrast, Nance substantiated the trustworthiness of the informant by attesting to the fact that previous information received from him in narcotics cases led to arrests and convictions.

█▌ In her brief in this court and in her motion to quash, the defendant attacks Nance's veracity. She charges that his informant was a phantom, his assertions were fabricated and his perjured affidavit claiming hearsay information from undisclosed sources was a stereotyped form constantly used by him in practicing fraud upon the courts. Nance's credibility was subject to the appraisal of the magistrate before whom he appeared when the warrant was issued. *People v. Bak* (1970), 45 Ill.2d 140, 258 N.E.2d 341.

█▌▌ Although our preference would be for greater specificity in support of a complainant's assertions that his informant is reliable, Nance's statements under oath were adequate to indicate that his informant was trustworthy and his information truthful, and they were sufficient to afford the magistrate probable cause for issuing the warrant. The probability, not a *prima facie* showing, of criminal activity is the standard of probable cause. (*Beck v. Ohio* (1964), 379 U.S. 89.) An

affidavit for a search warrant must be interpreted realistically and in judging probable cause issuing magistrates are not to be confined by restrictions on their common sense. *United States v. Ventresca* (1965), 380 U.S. 102.

The order is reversed and the cause is remanded.

McGLOON, P. J., and McNAMARA, J., concur.