THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN LEE BECK, Defendant-Appellee.

(No. 59974; ▮▮▮▮▮▮▮▮▮▮

First District (4th Division)—May 14, 1975.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Rick L. Petrone, of counsel), for the People.

James L. Cutrone, Sam Adam, Edward M. Genson, and Lawrence Wolf Levin, all of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

This is an appeal filed pursuant to Supreme Court Rule 604 by the People of the State of Illinois from an order of the Circuit Court of Cook County which quashed a search warrant and suppressed evidence seized under its authority.

The State contends that the trial court erred in granting defendant's motion to quash the search warrant because the affidavit underlying the warrant was sufficient to establish probable cause.

The affidavit was in the form of a complaint and stated:

"I Frank Guerra, being a police officer for the city of Chicago, on 20-Dec-1971, had a conversation with a reliable informant whom I have known for the past 9 months. In these 9 months, I have had 4 conversations with this informant who has given me information on narcotics violations on 4 seperate [sic] occasions, where 4 persons have been arrested, and in each of these arrest [sic] narcotics contrabnd [sic] has been recovered. As a result of these arrest [sic], 2 have resulted in convictions and 2 cases are presently pending before the Narcotics court. This informant told me that on 20-Dec-1971, while in the 2nd floor rear apartment located at 8466 S. Vincennes Ave., Chicago, Ill., one known to this informant as John Beck, M/N, sold this informant a tin foil packet of fine white powder that this informant knew to be Heroin for the sum of $12.00 USC. This informant further stated to me that prior to his leaving the 2nd floor apartment located at 8466 S. Vincennes Ave., Chicago, Ill., that he observed an additional quantity of tin foil packets each containing fine white powder, of which this informant told me that he knew each of this [sic] packets to contain Heroin, from his past and present use of Heroin for the past 19 years."

The State asserts that an affidavit which recites that a reliable informant has used drugs for the past 19 years, has purchased drugs from the defendant, and has observed some drugs still in the defendant's apartment is sufficient on its face to establish probable cause. Defendant counters that an affidavit is fatally defective if it fails to state precisely how the informant knew the identity of the substance which he characterized as heroin.

■■ The complaint must set forth adequate underlying circumstances so that the issuing judicial officer may be able to make an independent evaluation of the conclusion that contraband sought to be seized was where the informant said it was. (*People v. Ranson* (1972), 4 Ill.App. 3d 953, 282 N.E.2d 462.) An affidavit establishes probable cause when it states facts and circumstances which would justify a man of reasonable caution to believe that a crime has been or was being committed and that evidence thereof was on the person or in the premises to be searched. (*People v. Francisco* (1970), 44 Ill.2d 373, 255 N.E.2d 413.) The probability, not a prima facie showing, of criminal activity, is the standard of probable cause. An affidavit for a search warrant must be interpreted realistically. (*People v. Ranson* (1972), 4 Ill.App.3d 953, 282 N.E.2d 462.) The guiding principle in determining probable cause is common sense. *People v. Johnson* (1967), 84 Ill.App.2d 143, 228 N.E. 2d 457.

784

■■ Under these principles, this court believes that the affidavit of Officer Guerra set forth sufficient underlying circumstances which would justify the conclusion that defendant was in possession of heroin. The informant was recently in the apartment identified in the complaint. While there, the informant purchased a tin-foil packet of heroin and observed additional tin-foil packets in the apartment before he left. Furthermore, the informant had been a user of heroin for the previous 19 years.

The order must be reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

DIERINGER, P. J., and JOHNSON, J., concur.