THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ALAN E. VANCO, Defendant-Appellant.

Second District   No. 76-205

Opinion filed December 2, 1977.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Phyllis J. Perko and Barbara Preiner, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Solely as a result of evidence obtained by the use of a search warrant, the defendant, Alan Vanco, was arrested and indicted for the offense of theft (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(d)(1)). Prior to trial the defendant filed a motion to quash the search warrant and suppress evidence seized as a result of that warrant. The defendant attacked the validity of the search warrant contending that it was not issued upon probable cause and thus violated his fourth amendment right to be free from unreasonable search and seizure. After receiving written briefs and hearing oral argument on the defendant's contention, the trial court denied his motion. Subsequently, the defendant was tried before a jury, found guilty and sentenced to 2-6 years in the penitentiary. The defendant appeals.

Although the defendant has raised several issues during the course of this appeal, we conclude that only one issue is necessary for the determination of this case, *i.e.*, whether probable cause, as defined by law, could reasonably be said to exist for the issuance of the search warrant.

On or about December 28, 1974, the Sun Drug Store, located in the Meadowdale Shopping Center in Carpentersville, Illinois, was burglarized. On New Year's Day, 1975, a complaint for a search warrant was brought before Judge W. H. Ellsworth of the circuit court of Kane County at his home. The complaint was signed by Detective J. P. Donahoe of the Carpentersville police department. Presented in support of that complaint was the following statement:

"The undersigned received information from two reliable informants, one through an F.B.I. agent, that Alan Vanco was a participant in a burglary of the Sun Drug Store in the Meadowdale Shopping Center in Carpentersville, Illinois on or about December 28, 1974 and that the items taken in the burglary are located at 28 Birch St. in Carpentersville, Illinois, the home of Alan Vanco. One informant has supplied the undersigned on a previous occasion and the information supplied on that occasion turned out to be very reliable. The F.B.I. agent stated to the undersigned that his

informant is very reliable and has given excellent information in the past."

After reviewing the complaint, Judge Ellsworth issued the warrant instanter. Detective Donahoe and other Carpentersville police officers immediately proceeded to the indicated address, a single family residence, where the warrant was served and the premises searched. As a result of that search certain items were seized and the defendant was arrested. After being confronted with the items which had been seized, the defendant made various oral statements. Nothing other than the items seized and the statements made was introduced by the prosecution during the course of the trial below.

■■ The controversy over the sufficiency of probable cause to issue a search warrant has received a great deal of attention from courts of review, both State and Federal, in the last 15 years. A substantial body of case law has been developed as a consequence of that concern. It has been conceded by the parties here, and rightly so, that the leading case on the issue of probable cause to issue a search warrant based on hearsay information from an anonymous source is *Aguilar v. Texas* (1964), 378 U.S. 108, 114, 12 L. Ed. 2d 723, 729, 84 S. Ct. 1509, where the Supreme Court stated:

"* * * the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [things to be seized] were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' or his information 'reliable.'"

The two-pronged test thus laid down has, however, been explained and refined. In this regard the United States Supreme Court and the Illinois Supreme Court have held that affidavits in support of search warrants must be read realistically and without requiring elaborate specificity, bearing in mind that the affidavit is not an entry in an essay contest. (See *United States v. Harris* (1971), 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075; *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584; *United States v. Ventresca* (1965), 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741; *People v. Dillon* (1970), 44 Ill. 2d 482, 256 N.E.2d 451.) However, the law is clear that courts of review in evaluating the validity of a warrant may *only* consider that information actually brought to the issuing magistrate's attention (*Aguilar v. Texas; Giordenello v. United States* (1958), 357 U.S. 480, 2 L. Ed. 2d 1503, 78 S. Ct. 1245), by affidavit or through testimony. (*City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 367 N.E.2d 1299.) The law is also clear that the information must be adequate for the judicial officer to make an independent evaluation of the conclusion that the items to be seized are where the informant says they are. (*People v. Beck* (1975), 28 Ill. App. 3d 782, 329 N.E.2d 325; *People v.*

*Ranson* (1972), 4 Ill. App. 3d 953, 282 N.E.2d 462.) Similarly, the judicial officer must also independently evaluate the credibility or reliability of the source of the hearsay information presented to him. The test is whether a "substantial basis" to credit the hearsay exists within the bounds of the information supplied. This "substantial basis" may be shown in various ways, including but not limited to admissions against penal interest; corroboration through independent means; recitation of the results of the source's past performance as an informant in criminal matters; or the affiant's knowledge of the suspect's criminal reputation. (See *United States v. Harris; Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725; *People v. Lindner* (1975), 24 Ill. App. 3d 995, 322 N.E.2d 229.) Finally, the determinations of probable cause made by judicial officers in the issuance of search warrants should be paid great deference by reviewing courts. *Spinelli v. United States; Jones v. United States*.

We turn initially to the first prong of *Aguilar*. In the instant case we find that the affidavit is devoid of any underlying facts and circumstances which would support a conclusion that the alleged location of the contraband was due to the personal observation or knowledge of the informants. To make up for this obvious deficiency the State contends that the mere fact that there were two independent anonymous sources of the same conclusory statements would cause a reasonable man to believe that a crime was being committed and that evidence of that crime was in the place to be searched, thus satisfying the first prong. In support of this contention the State has cited the case of *State v. Graves* (1975), 193 Neb. 797, 229 N.W.2d 538. We note that the affidavit in *Graves* was found sufficient due to the fact that the conclusory information of a single unidentified informant was held to be supported by reputation information concerning the suspect; as well as by other information known to the police but not revealed to the issuing magistrate. This other information was presented for the first time at the hearing on the motion to quash the warrant. We do not find that this factual situation is apposite to the situation before this court. Additionally, we note that the Federal District Court of Nebraska issued a writ of habeas corpus for the defendants involved in *Graves* after specifically finding that the affidavit was insufficient. (*Roach v. Parratt* (D.C. Neb. 1976), 407 F. Supp. 703, *rev'd on other grounds* (8th Cir. 1976), 541 F.2d 772.) We fail to find any merit in the contention made by the State in either logic or case law. The conclusory statements attributed to the two informants here could well have been a situation in which:

"* * * a mere rumor reported from one unknown source is 'verified' by the same rumor in the mouth of another unknown

informant." (*United States v. Wong* (9th Cir. 1972), 470 F.2d 129, 131.)

Mere rumor or speculation based on reputation is not enough to support a warrant. See *Spinelli v. United States.*

■■■ Reading the affidavit as it stands, and bearing in mind that no further information was furnished to the issuing judge by testimony or otherwise, we are forced to conclude that this particular complaint for a search warrant does not meet the first prong of the *Aguilar* test. Therefore, the evidence obtained as a consequence of the search conducted under this warrant was seized in violation of the fourth and fourteenth amendments to the Constitution of the United States. It follows, therefore, that the physical evidence and oral confessions obtained as a consequence of this search should have been excluded from the trial of this defendant. (*Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407; *Mapp v. Ohio* (1961), 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684.) Since there is no evidence extant in this case which is independent of the search (or its immediate consequences resulting in the oral confessions), we have no option other than to reverse the conviction of this defendant.

Reversed.

SEIDENFELD and NASH, JJ., concur.