THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
KIM PALANZA *et al.*, Defendants-Appellees.

Third District   No. 77-297

Opinion filed January 6, 1978.

Michael M. Mihm, State's Attorney, of Peoria (Robert M. Hansen and James E. Hinterlong, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Donald C. Courson, of Peoria, for appellees.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendants, Kim and Lynn Palanza, were charged with the offense of illegal possession of a controlled substance (cocaine). Prior to trial they moved to suppress evidence seized under a search warrant which they

claim was improperly issued. The circuit court of Peoria County granted the motion to suppress evidence and the People have appealed.

The only issue presented on this appeal is whether the police officer's complaint requesting the issuance of the search warrant was sufficient to establish probable cause for the issuance of the search warrant. The People contend the allegations of the complaint were sufficient to establish the requisites for issuance of a search warrant and as a subsidiary issue the People argue that the trial court erred in permitting defendants to present the testimony of a narcotics officer in support of their motion.

The central issue of this appeal involves that part of the complaint for search warrant sworn to by the police officer as follows:

> "* * * that informant was present in the above described premises within the past 72 hours and while there did personally observe a quantity of a white crystalline substance which was represented to the informant by a white male occupant of the premises to be cocaine. Informant has observed cocaine on numerous occasions in the past and is thoroughly familiar with its appearance. The informant states that the white crystalline powder he observed in the above described premises appeared to him to be cocaine."

The complaint also included facts relating to the informant's credibility and reliability, especially mentioning the informant's communication of reliable information to the officer about a robbery. However, so far as this appeal is concerned, no question is raised concerning the sufficiency of the allegations regarding the reliability or credibility of the informer.

■■ It is well settled that the complaint or affidavit of a police officer made for the purpose of securing the issuance of a search warrant need not be made on personal knowledge only. (*Jones v. United States*, 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725.) Where the affidavit or complaint is not based on personal knowledge, the parties agree that *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509, established the twofold test governing the consideration of the complaint or affidavit by the judicial officer. *Aguilar* requires that the complaint or affidavit set forth facts upon which the police officer bases his conclusion that the third party is a reliable and credible source of information and also facts showing the basis of the third party's knowledge.

On this appeal we are concerned with that part of the *Aguilar* test referred to as the "basis of knowledge test" or the "how" or "why" the third-party informant knew of the information he was conveying. This requires disclosure of the underlying facts supporting the conclusions of the informant. This of course means as applied to the facts of this case, underlying facts from which the informant could conclude that the substance about which he was reporting was cocaine.

This subject is discussed at some length by Professor Wayne R. LaFave in *Probable Cause from Informants: The Effects of Murphy's Law on Fourth Amendment Adjudication*, 1977 U. Ill. L.F. 1. Section 4 of the article commencing on page 35 discusses the problems of hearsay relied on by a complainant, of hearsay on hearsay relied on by a complainant and of the identification of substances.

In the complaint quoted above, the police officer indicates his reliance on the statement of an informant describing the substance which he saw as cocaine first because a white male occupant of the premises represented it to be so and second because it "appeared to him to be cocaine." So far as the first reason is concerned, the identification depends on hearsay on hearsay and furnishes no proper basis for the informant's knowledge of the identity of the substance. (*United States v. Roth* (7th Cir. 1967), 391 F.2d 507.) To meet the *Aguilar* test the complaint should disclose facts concerning the reliability and credibility of the "white male occupant" as well as the basis of his knowing the substance was cocaine.

With respect to the second allegation of the complaint, namely, that the substance appeared to him to be cocaine, the reasons for the informant's conclusion are not revealed. "Appeared" in the context of the complaint suggests only that the informant had a suspicion or speculative idea that the substance might have been cocaine. From the affidavit, the officer affirms that the informant told him that he saw a white substance, but otherwise does not disclose any other facts supporting such identification. There is no indication as to how the informant or for that matter any other person could tell whether a white substance was cocaine and not some other white substance such as sugar or salt. See *People v. Garcia*, 27 Ill. App. 3d 396, 326 N.E.2d 497, illustrating the nature and extent of underlying facts found sufficient as a basis of knowledge of an informant.

■■ This case deals with only one method by which the affiant seeks to establish the basis of knowledge of his informant. There are several others. The informant may be shown to know the substance was a narcotic substance by:

> "* * * a previously demonstrated familiarity with drugs by the informant, an admission to the informant by the possessor that the substance observed is what the informant says it is, an observed use or treatment of the substance in a manner unique to the type of substance the informant says it is, an acquisition of a part of the substance by the informant for testing and identification by the police officer, or a use of a part of the substance by the informant followed by the effects to be expected if it is what the informant says it is." (LaFave, *Probable Cause from Informants: The Effects*

*of Murphy's Law on Fourth Amendment Adjudication,* 1977 U. Ill. L.F. 1, 39-40.)

This case deals only with the situation wherein the substance claimed to be narcotic cannot be determined to be that particular narcotic absent a chemical analysis. This white powder may be discolored, if impure, and is not unique from other white powders which are nonnarcotic. Had the substance been unique in appearance, we believe the complaint for a search warrant would have been sufficient. It would also have been sufficient, even absent the uniqueness of the substance's appearance, had the informant identified the person who represented the substance to be cocaine as one of the possessors of the substance. Such an admission against penal interests would have been an exception to hearsay and an adequate basis for establishing probable cause for a search warrant. Further, we believe it should be observed that it is not essential that the issuing judge must determine the informant's basis of knowledge from the complaint or affidavit alone if there exist facts which would enable the judge to make an independent determination of the informant's basis of knowledge. See *City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 367 N.E.2d 1299.

To support their position the People have directed our attention to two cases, *People v. Ranson,* 4 Ill. App. 3d 953, 282 N.E.2d 462, and *People v. Rivera,* 130 Ill. App. 2d 321, 264 N.E.2d 699. Although these cases are relevant to the general subject which we are considering, the affidavit in each is significantly different. In *Ranson* the affidavit of the police officer indicated not only that the informant had told the officer that heroin had been in the apartment to be searched when the informant was there the day before, but also that he (the informant) had purchased a portion of the substance represented to him to be heroin and that representation had been made to the informant by defendant. The latter statement by a defendant is considered to be an admission against penal interest of the declarant and hence not considered hearsay. Additionally, a purchase of a part of the substance on the representation that it was heroin furnishes additional underlying information in support of the informant's account.

In the *Rivera* case the court was concerned with and dealt extensively with the issue of whether the affidavit of an informer signed and executed under a fictitious name was void. There was no particular discussion of the identification of the contraband, but the affidavit of the informer did indicate that he purchased a portion of the substance as heroin and that the representation was made by a woman known to him as the occupant of the apartment, Scott (Doe).

■■ Contrary to the *Ranson* and *Rivera* cases, in the instant case no such underlying facts are disclosed in the complaint to furnish some

identification of the contraband. When the absence of such underlying facts is coupled with the patently uncorroborated and unsubstantiated representation by some other unknown party, we conclude, as did the trial court, that the facts contained in the complaint do not contain probable cause for the issuance of the search warrant. Where, as in this case, the complaint not only refers to hearsay of an informant, but also hearsay of a more remote informant unsubstantiated and untested, it is difficult to conclude other than that the initial facts of the informant demonstrate unreliability on the face of the complaint. Accordingly, for these reasons alone we believe the action of the trial court was proper.

However, another facet of the case should be mentioned. When the motion to suppress the evidence was heard, the defendants called an Illinois Bureau of Identification criminalist who was familiar with narcotics prosecutions and had often testified in behalf of the prosecution. This witness testified that it was impossible to ascertain that a white substance was cocaine merely from its appearance.

On this appeal the People argue that under the authority of *People v. Bak*, 45 Ill. 2d 140, 258 N.E.2d 341, probable cause for the issuance of the search warrant must be determined from the documents considered by the judicial officer and testimony contradicting or impeaching the evidence considered by the judicial officer is inadmissible. An adequate response to the People's argument is that this argument has been waived and cures any error. (*People v. Merrill*, 76 Ill. App. 2d 82, 221 N.E.2d 145.) No objection was made to the officer's testimony before the trial court and in fact the People stipulated to the officer's qualifications. Whether or not the doctrine of waiver is applicable to the testimony of this officer, the defendants claim that his testimony merely revealed a patent self-contradiction in the statement of facts and did not purport to contradict or impeach the complaint outside of the document itself. We find it unnecessary to resolve this issue since in our opinion the complaint fails to support the issuance of the search warrant even without regard to the testimony of such officer. For the foregoing reasons the judgment of the circuit court of Peoria County is affirmed.

Judgment affirmed.

BARRY and SCOTT, JJ., concur.