THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
GLEN MALONE, Defendant-Appellee.

Third District    No. 81-564

Opinion filed May 12, 1982.—Modified on denial of rehearing June 15, 1982.

Edward Zukosky, State's Attorney, of Lacon (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

John A. Grivetti, Jr., of The Legal Center, Grivetti & Associates, of Peru, for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

Glen Malone was charged with reckless homicide for allegedly striking the rear of Shirley Greer's car and forcing that vehicle into the passing train which resulted in her death. Three days after the accident, a search warrant was obtained to search Malone's car and seize components thereof which were to be tested and used as evidence at the trial. Prior to trial, Malone moved to quash the warrant and suppress the evidence seized. Malone's motion was granted and the State appeals this ruling.

Close to midnight on May 8, 1981, an accident occurred at the intersection of Illinois Route 26 and Santa Fe railroad tracks six miles south of Lacon in Marshall County, Illinois. When George E. Crank, chief

investigator for the sheriff of Marshall County, arrived at the scene, he observed two vehicles: a 1976 red and white Oldsmobile and a 1973 blue Chevrolet. The Oldsmobile had been driven by Shirley Greer. It had struck the train and been dragged two miles, caught fire and burned. Shirley Greer was pronounced dead at the scene. The blue Chevrolet was found by Officer Crank 200 yards from the tracks with extensive front end damage. Officer Crank impounded the blue 1973 Chevrolet and had it towed to Jim's Body Shop on Route 29 in Henry, Illinois.

Three days later Deputy Sheriff Crank filed a complaint for a search warrant for the blue 1973 Chevrolet. We set out the complaint in full as follows:

"George E. Crank of the Marshall County Sheriff's Office, Complainant, now appears before the undersigned Circuit Judge of the Tenth Judicial Circuit of Illinois and requests the issuance of a Search Warrant to search a 1973 four-door Chevrolet automobile, Vehicle Identification No. 1L69H3S217874, Vehicle Registration No. 235847, located at Route 29, South Edge of Henry, Marshall County, Illinois, and seize the following from said 1973 Chevrolet automobile: speedometer assembly, headlights, paint scrappings [sic] off front end, debris off front end, grill and rear tail lights; and to inspect and examine the windshield wipers and braking system which constitute evidence or fruits of the offense of Reckless Homicide by Glen Malone, defendant, in violation of Sec. 9—3(a) Chapter 38 of the Illinois Revised Statutes.

I further say that I have probable cause and reasonable cause to believe, and do believe, that the above-listed items to be seized are now located on the premises described above, because of the following facts:

I am Chief Investigator for the Marshall County Sheriff. At approximately 12:30 a.m. on May 9, 1981, I was called to investigate a traffic collision which occurred on Route 26 at the Santa Fe tracks about six miles south of Lacon, Marshall County, Illinois. When I arrived at the scene, I observed that the vehicles involved were the above-described 1973 Chevrolet, a blue four-door automobile bearing Illinois Vehicle Registration No. 235847 and Vehicle Identification No. 1L69H3S217874, and a 1976 Oldsmobile Cutlass, red and white, two-door automobile, bearing Illinois Vehicle Registration No. IA 933 and Vehicle Identification No. 3G37R6M387296, which was driven by Shirley Greer. Shirley Greer was dead at the scene.

The physical evidence at the scene showed that the 1973 Chevrolet automobile was driven northbound by Glen Malone as it

approached the Santa Fe tracks about six miles south of Lacon in Marshall County as aforesaid. The 1976 Oldsmobile Cutlass driven by Shirley Greer had stopped in the northbound lane at said Railroad tracks in response to the red flashing railroad lights while a freight train was passing and defendant Glen Malone, who was driving at a speed that was greater than was reasonable and proper with regard to the existing traffic and conditions and the safety of persons properly upon the roadway, drove his automobile in and against the rear end of the automobile driven by Shirley Greer, causing the said automobile driven by Shirley Greer to crash into a train, causing the death of said Shirley Greer.

The said 1973 Chevrolet automobile was driven from the scene to a point approximately 200 yards north of the Santa Fe Railroad tracks, where it was observed by this Affiant. This Affiant observed extensive damage to the front end of said 1973 Chevrolet automobile and this Affiant had the said vehicle towed to Jim's Body Shop, which is located on Route 29 at the south edge of Henry, Marshall County, Illinois.

That the said 1976 Oldsmobile automobile was dragged by the train for approximately two miles, with decedent in said automobile. Her automobile was demolished, had caught fire, and burned her causing her death.

The Department of Law Enforcement of the State of Illinois now has a procedure whereby they can determine the speed of a vehicle at the time of impact by examination of the speedometer assembly. A determination of the speed of the 1973 Chevrolet automobile is crucial to the investigation of this collision.

The Department of Law Enforcement now has a procedure whereby they can examine the headlights and the tail lights and determine whether the lights were lit at the time of the collision. A determination as to whether the tail lights and headlights were lit at the time of the collision is crucial to the investigation of this collision.

The Affiant also desires to have paint scrappings [sic] to confirm whether the 1973 Chevrolet automobile was involved in a collision with the said 1976 Oldsmobile. The naked eye can observe paint on the 1973 Chevrolet which obviously does not belong there and could have been transferred to said automobile as a result of said collision.

The naked eye can observe paint on debris found at the scene of the collision which this Affiant believes matches the paint on the 1976 Oldsmobile and the 1973 Chevrolet. I also desire to take all

debris off the front end of the 1973 Chevrolet to confirm whether that 1973 Chevrolet was involved in a collision with the said 1976 Oldsmobile.

I also desire to have the windshield wipers and the braking system tested and examined.

Affiant also desires to take the grill of said 1973 Chevrolet for the propose of matching it with the debris found at the scene.

Therefore, I have probable cause and reasonable cause to believe and do believe that the speedometer assembly, headlights, paint scrappings [sic] off the front end, debris off front end, grill, the rear tail lights, the windshield wipers and the braking system are now located on the said 1973 Chevrolet located at Route 29 at the south edge of Henry, Marshall Couny [sic], Illinois, at Jim's Body Shop and I pray that a Search Warrant for said 1973 Chevrolet may issue in accordance with law.

/s/ George E. Crank
George E. Crank, Complainant."

■■■ Glen Malone was charged with reckless homicide the day before the complaint for the search warrant was filed. He was later indicted for the same offense in two counts. On Malone's motion, the trial court quashed the search warrant because it felt that there were "insufficient facts alleged in the complaint to cause a reasonable man to believe a crime had been committed and that evidence was in a place to be searched." We agree with the trial court that the lengthy complaint for the search warrant is comprised to a great degree of conclusions and opinions. However, we believe enough facts are stated to cause a reasonable man to believe that the automobile parts sought may constitute evidence of a crime. The probable cause for the issuance of a search warrant can be shown by less evidence than is required for a conviction. (*People v. Close* (1965), 60 Ill. App. 2d 477.) Moreover, common sense must not be abdicated in our analysis of search warrant sufficiency.

What facts can we glean from this complaint? Admittedly, the complainant, Officer George Crank, was not present at the precise time of the accident. But this does not mean that he cannot attest to circumstances of the accident. When Officer Crank arrived shortly after the accident, he found evidence of what occurred. First, he observed two vehicles. One was a vehicle driven by Shirley Greer. It appeared to have hit the train and then been dragged by the train a distance of two miles. The other vehicle was a blue 1973 Chevrolet. Officer Crank found the blue Chevrolet 200 yards north of the railroad tracks with extensive

damage to the front end of the car. Moreover, the complaint alleges the fact that Crank observed paint of a different color on front portions of the blue Chevrolet. Officer Crank had the blue Chevrolet impounded and towed to Jim's Body Shop in Henry, Illinois. This Chevrolet was identified in the complaint not only by year and color, but also by vehicle registration number.

■■ We believe these facts and circumstances provide a reasonable basis to further investigate the car to determine its involvement, if any, in the tragic accident that claimed the life of Shirley Greer. The proximity of the blue 1973 Chevrolet to the accident site, together with extensive front end damage and foreign paint substances apparent thereon suggests a collision with another vehicle. While we cannot say that the car was involved in the accident beyond a reasonable doubt, such is not the standard. (33 Ill. L. & Prac. *Searches and Seizures* secs. 53-55 (1970, 1981 Supp.).) Probability, not prima facie showing, of criminal activity is the standard of probable cause for issuance of a search warrant. (*People v. Beck* (1975), 28 Ill. App. 3d 782.) We believe this standard is demonstrated by the aforestated facts which were set forth in the sworn complaint for the search warrant.

Malone argues that the complaint includes no facts to show probable cause that some crime occurred. The fourth amendment to the United States Constitution does not prohibit all searches, only those which are unreasonable. In this case the search was not unreasonable. We believe it apparent from the circumstances described in the complaint that reasonable men could suspect that criminal activity was involved in Shirley Greer's collision with the train. While accidents do happen, suspicions are reasonably aroused when a car collides with an object as formidable as a moving locomotive. Such suspicion of criminal activity is strengthened considerably by the presence of another vehicle with extensive front end damage in the near vicinity of the railroad intersection. We believe this sufficient for a finding of probable cause that some crime occurred.

Malone concedes that the complaint is adequate regarding probable cause that the automobile parts sought are at the body shop in question. The complaint states that the complainant himself had the vehicle impounded and sent to Jim's Body Shop in Henry, Illinois. It is precisely at that location that the complaint seeks to seize the parts.

The complaint does include speculation as to the details of the commission of the alleged crime. However, this does not denigrate the validity of the solid facts and circumstances alleged in the complaint which in themselves provide adequate grounds for issuance of the search warrant. The complaint states with specificity the components sought: speedometer, headlights, front end paint scrapings, debris from the front

end, grill and rear taillights. The blue 1973 Chevrolet from which these items are sought was clearly identified by vehicle registration number and is the same car as was discovered by Officer Crank at the accident site.

For the reasons herein stated, we reverse the order of the trial court quashing the search warrant. We remand this cause for trial.

Reversed and remanded.

BARRY, P. J., and SCOTT, J., concur.